IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Lewis T. Babcock**

Civil Action No. 15-cv-00657-LTB

JAYDEE RUSSELL,

      Applicant,

v.

RICK RAEMISCH, Executive Director fo the Colorado Department of Corrections,
JASON LENGRICH, Warden, Buena Vista Corr. Facility, and
CYNTHIA H. COFFMAN, Attorney General for the State of Colorado,

      Respondents.

---

ORDER TO DISMISS IN PART, FOR
ANSWER IN PART, AND FOR STATE COURT RECORD

---

## I. Background

Applicant is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista, Colorado, Correctional Facility.  Applicant, acting *pro se*, has filed a 128-page Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No.1, challenging the conviction and sentence in State of Colorado Criminal Case No. 06CR362.  In an order entered on March 31, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

Respondents filed a seventy-three page Pre-Answer Response, ECF No. 12, on April 27, 2015.  After a request for a sixty-day extension of time by Applicant, and a granting of the extension, Applicant filed a Reply, ECF No. 16, on July 13, 2015.

Applicant raises thirteen claims, three of which have two subparts.  Overall, Applicant asserts sixteen claims.  The claims are as follows:

(1)     Denial of a right to proceed *pro se* at trial as guaranteed by the Sixth Amendment and in violation of the Fifth and Fourteenth Amendments;

(2)     Violation of the Double Jeopardy Clause because Applicant was prosecuted by the State of Colorado a second time, after being acquitted by the State of New Mexico, in violation of the Fifth and Fourteenth Amendments;

(3)     Imposition of concurrent sentences pursuant to the Colorado Organized Crime Control Act (COCCA) and of a predicate offense of the COCCA, conspiracy to distribute a controlled substance, in violation of the Fifth and Fourteenth Amendments;

(4)     Denial of a right to a speedy trial in violation of the Fifth, Sixth, and Fourteenth Amendments;

(5)      Use of perjured testimonial evidence to obtain an indictment in violation of the Fifth and Fourteenth Amendments;

(6)     Use of perjured testimonial evidence at trial to obtain a conviction in violation of the Fifth and Fourteenth Amendments:

(7)     Ineffective Assistance of Trial Counsel:

(i)      Trial counsel failed to investigate an alibi defense or call any requested alibi witnesses in violation of the Fifth, Sixth, and Fourteenth Amendments; and

(ii)     Trial counsel failed to seek recusal of trial judge after trial and before sentencing in violation of the Fifth, Sixth, and Fourteenth Amendments;

(8)     Denial of right to present a defense and call witnesses in violation of the Fifth, Sixth, and Fourteenth Amendments;

(9)     Prosecution violated the Fifth, Sixth, and Fourteenth Amendments by:

        (i)     Withholding impeachment and exculpatory evidence (*Brady* claim); and

        (ii)    Failing to file their oath of office as required by state law

(10)    Denial by the trial court of a motion for a bill of particulars in violation of the Fifth and Fourteenth Amendments;

(11)    Imposition of a sentence without notice to the defense or allowing defendant to be present during sentencing in violation of the Fifth and Fourteenth Amendments;

(12)    Denial of a postconviction evidentiary hearing regarding ineffective assistance of trial counsel claims in violation of the Fifth and Fourteenth Amendments; and

(13)    Denial of state court record in violation of Fifth and Fourteenth Amendments as follows:

        (i)     Allowed only access to state court record for four hours to perfect direct appeal; and

        (ii)    Denied complete trial court record at state expense to perfect a postconviction appeal.

## II. Analysis

I must construe liberally the Application and the Reply, because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Respondents concede, and Applicant agrees, that the action is timely.  Applicant

maintains, however, that Respondents' calculations on how much time has run pursuant to 28 U.S.C. § 2244(d) are incorrect.  I agree with Applicant.  The time not tolled from November 5, 2014, until March 25, 2015, equals 141 days not 187 days.  The total time not tolled pursuant to § 2244(d) is 297 days.  Nonetheless, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  The fact that the instant action was timely under § 2244(d) at the time this action was filed does not mean that any future habeas action filed by Applicant will be timely.

Respondents contend that (1) Claims One, Four, Seven(i) (in part), and Eleven are unexhausted because Applicant failed to present these claims to the Colorado Supreme Court (CSC);  (2) Claims Two, Five, Six, Eight, Nine(i) and (ii), and Ten are defaulted as inadequately briefed on direct appeal; and (3) Claims Three, Seven(i) (in part) and (ii), Twelve, and Thirteen(i) and (ii) are anticipatorily defaulted because they were not presented to the Colorado Court of Appeals (CCA) as a constitutional claim.  I will discuss the claims as follows.

### 1.  Exhausted Claims

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

To exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Colorado law provides that

> "[i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."

Colo. App. R. 51.1(a).

In his concurring opinion in *O'Sullivan*, Justice Souter provides an example of when state supreme court review is unavailable.  *O'Sullivan*, 526 U.S. at 849.  The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990), and mirrors the language in Rule 51.1, in stating a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the court of appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at 845.  However, "nothing in the exhaustion doctrine requir[es] federal courts to ignore a state law or rule providing that a given procedure is not available."  *Id.* at 847-48 (citation and internal quotations omitted).  If a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

Furthermore, four circuit courts have concluded that state rules similar to Colo.

6

App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

I am not persuaded by Respondents' arguments to the contrary and do not find the Tenth Circuit's comments in *Prendergast v. Clements*, 699 F.3d 1182, 1184 n.2 (10th Cir. 2012), nor the exhaustion discussion in *Vreeland v. Davis*, 543 F. App'x 739 (10th Cir. 2013) (certiorari review was pending), dispositive for finding that habeas applicants must present federal claims to the CSC. Also, neither *Brown v. Shanks*, 185 F.3d 1122 (10th Cir. 1999) (applicant had appealed a habeas petition to the New Mexico Supreme but failed to include a claim; no analogy to Colo. App. R. 51.1(a)), nor *Valenzuela v. Silversmith*, 699 F.3d 1199 (10th Cir. 2012) (tribal exhaustion rule provides that absent exceptional circumstances federal courts typically should abstain from hearing cases until trial court remedies, including appellate review, are exhausted), address the likes of Colo. App. R. 51.1(a).

I find that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. Nothing Respondents present changes my position on Rule 51.1(a). Claims One, Four, Seven(i) (as it pertains to trial counsel's failure to interview John, Evalena, Justin, and John Russell, Heath Whipple, and Kelly Wolfe, and to obtain jail and hospital records), and Eleven, therefore, are exhausted.

7

## 2.  Noncognizable Claims

### A.  Claim Two

In this claim, Applicant asserts that he was denied due process and equal

protection of the law because the State of Colorado prosecuted him a second time after

he was found not guilty of the same crimes in the State of New Mexico.  Application,

ECF No. 1, at 19-20.  Applicant contends that he was put in jeopardy twice for the exact

same crimes, with the same victims, the same police investigation, and the same

witnesses.  *Id.* at 20.  Applicant further asserts that he raised this claim in his Colo. R.

Crim. P. 35(c), but it was denied as successive.  *Id.*  Applicant also contends that the

CCA would not consider Applicant's challenge to the district court findings because

Applicant did not refer to a line and page of the record in support of this claim, even

though Applicant was allowed only four hours to review the record.  *Id.*

This claim is not cognizable in a federal habeas action.  "Dual sovereignty is a

defining feature of our Nation's constitutional blueprint."  *Federal Maritime Comm'n v.*

*South Carolina Ports Authority*, 535 U.S. 743, 751 (2002) (citation omitted).  "The dual

sovereignty doctrine, as originally articulated and consistently applied by [the Supreme

Court], compels the conclusion that successive prosecutions by two States for the same

conduct are not barred by the Double Jeopardy Clause."  *Health v. Alabama*, 474 U.S.

82, 88 (1985).  The Tenth Circuit has recognized and applied the dual sovereignty

doctrine.  *United States v. Barrett*, 496 F.3d 1079, 1118 (10th Cir. 2007) (Double

Jeopardy Clause is "no bar to serial prosecution and punishment undertaken by

separate sovereign entities") (citation and internal quotation marks omitted); *United*

*States v. Raymer*, 941 F.2d 1031, 1037 (10th Cir. 1991) (The premise of the dual

8

sovereignty doctrine is "that the laws of separate sovereigns are indeed separate and that one act may violate the laws of each; accordingly, prosecution by each cannot be for the same offense and double jeopardy concerns are not implicated."); *United States v. Gourley*, 835 F.2d 249 (10th Cir. 1987).  "When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences.' " *Heath*, 474 U.S. at 88 (quoting *United States v. Lana*, 260 U.S. 377, 382 (1922)).

An exception to the dual sovereignty doctrine is found in *Bartkus v. Illinois*, 359 U.S. 121 (1959) (a sham prosecution suggests a possible exception to the dual sovereign doctrine).  The Tenth Circuit recognizes a *Bartkus* exception to the dual sovereign doctrine, *see United States v. Barrett*, 496 F.3d 1079, 1119 (10th Cir. 2007), but Applicant does not assert such an exception in this action.  Applicant must assert that the State of Colorado prosecution was merely a tool to revive the State of New Mexico's prosecution, which was barred on federal constitutional grounds.  *See Bartkus*, 359 U.S. at 123-24.  "As a practical matter, . . . under the criteria established by *Bartkus* itself it is extremely difficult and highly unusual to prove that a prosecution by one government is a tool, a sham or a cover for the other government." *Id.* (quoting *United States v. Figueroa-Soto*, 938 F.2d 1015, 1019 (9th Cir.1991) (internal quotation marks omitted).

Nothing in Applicant's allegations supports such a sham prosecution challenge. Applicant presented this claim in his direct appeal as follows:

> 9) The Defendant-Appellants [sic] Double Jeopardy Rights was violated in violation of C.R.S. § 18-1-301, Colo. Const. Art. 2 section 18 and U.S. Const. Fifth Amendment.  The

> defendant went to trial in New Mexico on these same charges, same victims, same police, same witnesses, and was Found Not Guilty.  The Prosecution agreed and dismissed 4-counts (November 2007) a year later (11-08) when Biased Judge Dickinson and Janet Drake could not force the Defendant to plead guilty to crimes he did not do, Judge Dickinson said the New Mexico verdict was too confusing for the Colorado jury and therefore no double jeopardy violation and he barred the Defense from using the prior trial verdict.
>
> 10) Using the same charges from the New Mexico case, Case No. D-11116-CR-200500512, 2-15-07, San Juan County, Farmington, New Mexico is a clear violation of *People v. Morgan*, 785 P.2d 1294 (Colo. 1990); *Chatfield v. Colorado Court of Appeals*, 775 P.2d 1168 (Colo. 1989); The Supreme Court Mandate in *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed.2d 469, 90 S.Ct. 1189 (1970)[;] *also see Yeager v. United States*, cited as 557 U.S. [110] (2009) and all Motions filed in the trial court and part of the record on Appeal.  For these constitutional violations the conviction and sentence must be vacated.

Pre-Answer Resp., App. F, ECF No. 12-11, at 9-10.  Furthermore, Applicant's reliance on *Ashe* is misplaced.  *Ashe* does not address the dual sovereignty issue.  *Ashe*, 397 U.S. at 439 (at issue is a robbery of six victims where defendant was found not guilty in first trial and then was brought to trial again in same jurisdiction).  The same goes for *Yeager*, which was a federal prosecution that involved a second trial regarding same offenses in federal jurisdiction.  Claim Two is not cognizable in a federal habeas action and will be dismissed.

### B.  Claim Twelve

As for the state court's decision to deny Applicant a hearing in his postconviction proceedings, Claim Twelve, is not cognizable in a federal habeas proceeding.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding applicant may not

challenge state court's denial of postconviction evidentiary hearing because "federal habeas corpus relief does not lie for errors of state law").  Claim Twelve will be dismissed.

### C.  Claim Nine(ii)

Upon review of Applicant's opening brief in his direct appeal, I find that he did raise a failure to file an oath claim (involving trial judge and the prosecution) in his direct appeal, but the CCA, relying on *People v. Cagle*, 751 P.2d 614, 619 (Colo. 1988) ("It is axiomatic that this court will not consider constitutional issues raised for the first time on appeal . . . ."), denied review because Applicant had not presented the claim in the trial court.  Pre-Answer Resp., ECF No. 12-10, App. E at 25 (*Russell*, 09CA0733 at 23).  Then in his Rule 35(c) appeal, he again claimed that the prosecutors failed to file their oaths of office with the appropriate official.  *See* Pre-Answer Resp., ECF No. 12-5, App. C-1 at 13.  In the Rule 35(c) appeal, the CCA in response to Applicant's oath claim, cited to *People v. Stanley*, 170 P.3d 782, 794 (Colo. App. 2007), as follows:

> However, even assuming such a filing requirement, when a public officer signs a valid oath of office but misses the deadline for filing the with the secretary of the state, the officer still possesses the authority to carry out his or her duties as a de facto officer.  *People v. Scott*, 116 P.3d 1231, 1232-33 (Colo. App. 2004); *see also Nguyen v. United States*, 539 U.S. 69, 77-78 . . . (2003) (when a legal deficiency in a judge's appointment is merely technical, a properly appointed judge still acts under valid de facto authority); *Relative Value Studies, Inc. v. McGraw-Hill Cos.*, 981 P.2d 687, 688 (Colo. App. 1999) ("a properly appointed judge, despite even a conceded violation of [a] constitutional . . . requirement does not lose his or her authority to act as judge merely because of the violation").  Thus, any failure to file [the judge's] oath of office with the secretary of state did not deprive the court of jurisdiction.

Pre-Answer Resp., ECF No. 12-4, App. B at 6 ( *People v. Russell*, No. 13CA0409, 4

(Colo. App. Sept. 18, 2014).  The CCA also found that the reason the CCA on direct

appeal did not address the issue is because Applicant failed to preserve the issue and

that Applicant did not assert any evidence in his Rule 35(c) postconviction motion that

the oaths were not filed with the proper state official.  *Id.*

Nothing Applicant asserts in Claim Nine(ii) is cognizable in a federal habeas

action.  Because the judge and the prosecutors in Applicant's case still possessed the

authority to carry out their duties as a *de facto* officer, Applicant fails to assert a claim

that rises to the level of a constitutional deprivation, including a violation of his due

process or equal protection rights.  Claim Nine(ii), therefore, will be dismissed.

### 3.  Procedural Default

As a general rule, federal courts "do not review issues that have been defaulted

in state court on an independent and adequate state procedural ground, unless the

default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see

also Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).  "A state procedural

ground is independent if it relies on state law, rather than federal law, as the basis for

the decision."  *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir.1998) (quoting

*English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  "For the state ground to be

adequate, it must be strictly or regularly followed and applied evenhandedly to all similar

claims."  *Hickman*, 160 F.3d at 1259 (citations and internal quotations omitted).

Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns.  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

12

## A. Inadequate Briefing

Regarding inadequate briefing, the CCA found as follows:

### C. C.A.R. 28

Defendant's opening brief does not comply with C.A.R. 28(a), which requires the brief to contain among other matters, a table of contents; a table of authorities; a statement of the issues presented for review; and a summary of argument.

C.A.R. 28(e) requires specific references to the record by page and line number. Significantly, defendant's briefs do not contain a single specific reference to the record. Rather, he repeatedly directs us to "see ALL motions filed in the district court."

Defendant's opening brief also violates C.A.R. 28(k), which requires, for each issue raised on appeal, a concise statement of the applicable standard of appellate review with citation to authority and a citation to the precise location in the record where the issue was raised and ruled upon in the trial court. Defendant's opening brief does not identify the standard of review for any issue that he has raised.

The appellate rules are not mere technicalities; rather, they are designed to facilitate appellate review. *People v. Durapau*, __ P.3d __, __, 2011WL1587413, *7 (Colo. App. No. 06CA2677, Apr. 28, 2011); *see also O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App. 2010). The language of C.A.R. 28 is clear and mandatory; thus, the failure to comply with the rules subjects briefs to being stricken. *See Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (division refused to consider noncompliant brief).

Our review of this appeal is severely hampered by the deficiencies in defendant's brief. Many issues are raised with no statement whether the issue was ever presented to the trial court and thereby preserved for appellate review. Other issues are presented without cogent argument, as bare assertions, and with little or no citation to legal authority. As such, we are unable to address many of the issues raised on appeal.

13

Pre-Answer Resp., ECF No. 12-10, App. E at 8-10 (*Russell*, No. 09CA0733 at 6-8).

The CCA found that Applicant failed to comply with the requirements under Rule 28 in his opening brief.  In particular, Applicant did not adhere to Colorado Appellate Rule 28(a), (e), and (k) (2011).[1]  More than failing to cite to the precise location in the

---

[1]  The Editor's Notes, 2015 Comments, in C.A.R. 28, state that subsection (k) entitled, "Standard of Review; Preservation," has been deleted, but parties must continue to comply with its substantive requirements, which are now set forth in subsections 28(a)(7)(A) and (b).  C.A.R. 28(a), (e), and (k) (2011) read as follows:

> (a) Brief of the Appellant.  The brief of the appellant, which shall be entitled "opening brief," shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with references to the pages of the brief where they are cited;
>
> (2) A statement of the issues presented for review;
>
> (3) A statement of the case.  The statement shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below.  There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record (see section (e));
>
> (4) An argument.  The argument must be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on;
>
> (5) A short conclusion stating the precise relief sought.
>
> (6) Any request for attorney fees. . . .
>
> (e) References in Briefs to the Record.  References to the bound and paginated record shall be by appropriate page and line numbers and references to material appearing in an addendum to the brief shall be by appropriate page numbers.  References to the electronic record shall be by ID number and appropriate page and line number.  When the reference is to the evidence, to the giving and refusal to give an instruction, or to a ruling upon the report of

record where the issue was raised and ruled upon in the trial court, Applicant failed to

include a table of contents; a table of authorities; a statement of the issues presented

for review; and a summary of argument.  *Id.* at 8 (*Id.* at 6).  He also did not state in his

opening brief before the CCA whether the issue was ever presented to the trial court

and thereby preserved for appellate review; and his claims were presented without

cogent argument, as bare assertions, and with little or no citation to legal authority.  *Id.*

at 9 (*Id.* at 7).  The CCA specifically found that Claims Six, Eight, Nine(i), and Ten were

conclusory allegations that were unsupported by any legal argument, citation to legal

authority, or reference to the record.  *Id.* at 10-12 (at 8-10).

State of Colorado appellate rules are not "mere technicalities, but rather serve an

-------------------------

a master, the page and line number must be specific, and if the
reference is to the exhibit both the page and line number at which
the exhibit appears and at which it was offered in evidence must
be indicated. . . .

(k) Standard of Review; Preservation.  For each issue raised on
appeal, the party raising such issue must provide, under a
separate heading placed before discussion of the issue: (1) a
concise statement of the applicable standard of appellate review
with citation to authority; and (2) a citation to the precise location
in the record where the issue was raised and ruled on, if the issue
involves (i) admission or exclusion of evidence, (ii) giving or
refusing to give a jury instruction, or (iii) any other act or ruling for
which the party seeking relief must record an objection or perform
some other act to preserve appellate review.  A citation of where
the issue was preserved for appellate review shall include, if
applicable, the record reference where an objection, offer of proof,
motion in limine, motion for directed verdict, or other relevant
motion was made and ruled on.  For each issue, the responding
party must provide, under a separate heading placed before
discussion of the issue, a statement of whether such party agrees
with the opponent's statements concerning the standard of review
and preservation for appeal, and if not, why not.

important purpose in facilitating appellate review." *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 499 (Colo. App. 2011) (citing *O'Quinn v. Baca*, 250 P.3d 629, 631-32 (Colo. App. 2010).  The requirements in C.A.R. stand fully independent from the federal law that governs Applicant's constitutional claims, and there is no reason to doubt the CCA applies this rule evenhandedly and often.  *See People v. Hicks*, 262 P.3d 916, 920 (Colo. App. 2011) (CCA declined to address a claim because defendant neither articulated a cogent argument for review nor provided supporting legal authority); *People v. Hill*, 228 P.3d 171, 176 (Colo. App. 2009) (CCA declined to consider issue because defendant failed to adequately present the issue).

Although the CCA does not specifically address Applicant's claim that the prosecution and their witnesses committed perjury in their testimony to the grand jury (Claim Five in this action), it is clear from a review of Applicant's opening brief on direct appeal that like Claims Six, Eight, Nine(i), and Ten, Claim Five was a conclusory allegation that was unsupported by any legal argument, citation to legal authority, or reference to the record.  Based on these findings, Claims Five, Six, Eight, Nine(i), and Ten are procedurally defaulted for failure to comply with C.A.R. 28 (2011).

### B.  Anticipatory Default

I will discuss below procedural default based on anticipatory default as it pertains to Claims Three and Seven(i) (in part) and (ii).

With limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Applicant from raising a claim in a postconviction motion that could have been raised on direct appeal, or that was already raised on postconviction appeal.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was

raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

If it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (citation omitted), and is procedurally barred from federal habeas review, *Steele v. Young* , 11 F.3d 1518,1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Applicant could have asserted the double jeopardy claim regarding his sentencing (Claim Three) on direct appeal, but he did not.  This claim, therefore,  is subject to an anticipatory procedural bar pursuant to Colo. R. Crim. P. 35(c)(3)(VII).

 Applicant raised an ineffective assistance of counsel claim (Claim Seven) in his Rule 35(c) postconviction motion on appeal and identified "Hank, Heath, and Alan Whipple" as possible alibi defense witnesses that were never interviewed.  Pre-Answer Resp., ECF No. 12-5, App. C-1,  at 23.  Applicant also asserted that John Russell, his father, would have testified that Applicant could not have participated in certain car thefts and jail records would have verified that he was in custody when certain car thefts took place.  *Id.* at 26.  Applicant also asserted in the Rule 35(c) motion that medical records, but were not obtained, would have shown and John, Evalena, and Justin Russell would have testified that he broke his leg, was in a full-leg cast, and that due to

17

his "diminished" physical abilities could not have participated in another car theft.  *Id.* at

26-27.  Also, Alfonso Sena was a potential alibi witness who was not interviewed by

counsel and counsel failed to obtain New Mexico trial transcripts which would have

established Applicant's alibi and impeached Herrera's testimony at his Colorado trial.

*Id.* at 29-31.  Applicant further asserts that Evalena, John, Justin, and John (brother)

Russell again could have provided an alibi for yet another car theft he was convicted of

but they were not interviewed by trial counsel.  *Id.* at 32.  Applicant also mentions in

passing other individuals, Janis Herrera, Shannon, Kelly Wolfe, and Ronald Rutledge,

that would have provided alibi letters and a Billie Joe Heath who could be a witness.  *Id.*

at 22-23.

Nothing in the Rule 35(c) motion identifies Lynda M. Russell, Jory Miller, Ernest

Williams, or Elisha Smith as alibi witnesses.  Nor does Applicant state that trial counsel

was ineffective in failing to obtain his jail records from California, Arizona, or Colorado,

his payroll records and taxes from NATCO, Janis Herrera's prison and jail record from

New Mexico, or Shannon Jones's jail records from Cortez, Colorado, Moab, Utah, and

Idaho. These claims, therefore, are anticipatorily defaulted as they could or should have

been raised in Applicant's Rule 35(c) postconviction motion.

Applicant also failed to assert trial counsel was ineffective for failing to seek

recusal of the judge for impermissible bias in any appeal to the CCA, but particularly in

the Rule 35(c) postconviction motion.  Applicant asserts in a conclusory manner

throughout the opening brief on direct appeal that the trial judge was biased but he does

not in either his direct appeal or Rule 35(c) appeal mention any ineffective assistance of

counsel claim based on trial counsel's failure to seek recusal of the trial judge.  Claim

18

Seven(i) (in part) and (ii), therefore, are anticipatorily defaulted.

### C. Applicant's Arguments/Conclusion

Applicant, however, contends his claims are not procedurally defaulted.  He argues that the CCA did not dismiss his claims based on a ground that was clearly independent of federal law; because if the CCA had done so it would have struck Applicant's brief and/or dismissed the appeal.  ECF No. 16 at 11-12.  Applicant compares two state cases, *Castillo* and *Durapau* for this argument.  *Id.* at 12.  Applicant contends that in *Castillo* the CCA declined to review the state trial court order and dismissed that portion of the appeal that failed to cite to a location in the record; whereas, in *Durapau*, the CCA decided to review the claims even though the appellant had failed to cite to a location in the record.  *Id.*  Applicant concludes that *Castillo* was denied on procedural grounds and *Durapau* was decided on the merits; and because the CCA did not strike his brief or dismiss the appeal, like was done in *Castillo*, the denial of his direct appeal was on the merits.  *Id.*

The claims that are found to be procedurally defaulted due to inadequate briefing were dismissed by the CCA because they failed to comply with C.A.R. 28 (2011), not just because they failed to cite to a location in the record, as required under C.A.R. 28(e), but also because Applicant failed to identify each issue in a concise statement of the applicable standard of appellate review with a citation to authority as required by C.A.R. 28(a) and (k) (2011).  *See* Pre-Answer Resp., ECF No. 12-10, App. E at 9.  Rule C.A.R. 28 is clearly an independent and adequate state procedural ground that the CCA may rely on to deny the review of a claim.

As for the claims that are subject to dismissal as anticipatorily defaulted,

19

pursuant to Colo. R. Crim. P. 35(c)(3)(VII), "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." This too is an independent and adequate state procedural ground for the CCA to deny a review of a claim.

Nothing in either *Castillo* or *Durapau* delineates a rule that the CCA must dismiss or strike an appeal when refusing to review claims on procedural grounds. Claims Three, Five, Six, Seven(i) (in part) and (ii), Eight, Nine(i), and Ten, therefore, are subject to dismissal because they are procedurally defaulted in state court and barred from federally habeas review.

### D. Cause/Actual Prejudice or Fundamental Miscarriage

A federal court, however, may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice when the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a

claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson*, 143 F.3d at 1319.

Applicant contends that even if his claims are procedurally defaulted he has established cause and prejudice to excuse the default.  Reply, ECF No. 16, at 11.  Applicant first argues that he has established cause for not complying with C.A.R. 28(e), because he was only given four hours to review the appellate record.  ECF No. 16 at 13.  Applicant further argues that eleven of the twenty-six hearings were not transcribed and it was impossible for him to review over 1,000 pages of transcript in four hours.  *Id.* at 14-15.  Applicant, therefore, concludes that both of these factors are external and can not be attributed to him.

In the CCA's opinion on direct appeal, affirming Applicant's conviction and sentence, the CCA addressed Applicant's denial of the trial record claim as follows;

> We are mindful of defendant's claim that he was not provided sufficient time to review the record.  However, the issues raised in his appellate brief are largely the same issues he demanded that appellate counsel argue.  The Memorandum to counsel was sent before defendant received the record.  Thus, it is clear that he already knew what issues he intended to appeal at the time he reviewed the record.  Yet defendant did not make a single reference to any specific location in the record that would support any of these issues.  We therefore reject his contention that the deficiencies in his briefs are due to forces beyond his control.

Pre-Answer Resp., ECF No. 12-10, App. E at 10 (*Russell*, No. 09CA0733 at 8.)  The limited time to review the trial court records and the failure to transcribe all of the twenty-six hearings are the only two reasons Applicant presents as the basis for cause for waiving the procedural default.

The claims identified as being procedurally defaulted were found by the CCA to

be bare assertions, lacking a cogent argument, and containing little or no citation to

legal authority, which is not in compliance with C.A.R. 28(k).  *Id.* at 8-10 (at 10-12).

These claims also, as noted by the CCA, were claims Applicant identified well before he

had access to the trial court record.  Applicant, however, does not state that he was

subject to some objective factor external to the defense that impeded his ability to

present a cogent argument with respect to claims Five, Six, Eight, Nine(i), or Ten or for

not even raising Claims Three, Seven(i) (in part) and (ii). Therefore, Applicant fails to

assert cause for not complying with C.A.R. 28(k) (2011) and for procedurally defaulting

Claims Three, Five, Six, Seven(i) (in part) and (ii), Eight, Nine(i), and Ten.

Applicant contends that he has also established a fundamental miscarriage of

justice because three pieces of evidence were excluded from his trial.  First, the

acquittal verdict from the New Mexico trial contained the same facts that the State of

Colorado used to convict him but was not allowed to be used at trial because it was too

confusing.  ECF No. 16 at 17.  Second, alibi evidence proving he did not commit the

crimes, including jail, hospital, and employment records, along with witness testimony

was excluded.  *Id.*  Finally, perjuries to the grand and petit juries, which included the

prosecution's failure to provide evidence of the lies (*Brady* violation) also were excluded.

*Id.* at 18.  Applicant also argues that he is not required under *Schulp v. Delo*, 513 U.S.

298 (1995), to present a newly discovered evidence claim to prove he is innocent.  *Id.*

He further contends that he is allowed to present relevant evidence that was either

excluded or unavailable at trial to prove his innocence.  *Id.*  Applicant concludes that

with the alibis for each conviction that are objective, and the perjured testimony that can

be proven by New Mexico trial transcripts, no juror would find him guilty beyond a

reasonable doubt. *Id.* at 22.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  However, "tenable actual-innocence gateway pleas are rare." *Id.* at *1928.  To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

Applicant's claims are conclusory and vague.  None of his claims are based on new reliable evidence under the *Schulp* standard.  Nothing that Applicant has presented in this action or in his Rule 35(c) postconviction motion on appeal supports a finding that any alibi witness would provide a trustworthy eyewitness account that he did not participate in any of the auto thefts, tampering with a witness, or distribution of a controlled substance for which he was convicted.  *See* Application, ECF No. 1-1, at 17 and 36-37; Pre-Answer Resp., ECF No. 12-8, App. C-4 at 16-17.  Further, Applicant's perjury and New Mexico acquittal claims do not meet the *Schulp* requirements that the evidence be exculpatory scientific or critical physical evidence.  Applicant's arguments fall far short of the showing that is necessary to support a credible claim of actual innocence under *Schlup*.  Therefore, the I find no basis for waiving the procedural default based on actual innocence.

Claims Three, Five, Six, Eight, Seven (i) (in part) and (ii), Nine(i), and Ten will be dismissed as procedurally defaulted and barred from federal habeas relief.  Claim Thirteen(i) and (ii) also is dismissed as a noncognizant claim in a federal habeas action, similar to Claim Twelve.  Claim Thirteen at best is an argument in support of Applicant's basis for finding cause for waiving the procedural default.

I also find that Applicant's cursory reference to a violation of his equal protections rights in the majority of the claims is anticipatorily defaulted.  The claim also is not cognizable in a federal habeas action.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Applicant go beyond notice pleading.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).  Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Applicant must identify the constitutional violation in each claim he seeks to raise and state the specific facts to support the alleged violation.

### III. Conclusion

Accordingly, it is

ORDERED that Claims Three, Five, Six, Seven (i) (in part) and (ii), Eight, Nine(i), Ten, and cursory references to equal protection are dismissed as procedurally defaulted and barred from federal habeas review.  It is

FURTHER ORDERED that Claims Two, Nine(ii), Twelve, and Thirteen(i) and (ii) are dismissed as noncognizable in a federal habeas action.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully

addresses the merits of Claims One, Four, Seven(i) (as it pertains to trial counsel's failure to interview John, Evalena, Justin, and John (brother) Russell, Heath Whipple, and Kelly Wolfe, and to obtain jail and hospital records), and Eleven.  It is

FURTHER ORDERED that within thirty days of the filing of an answer Applicant may file a reply if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Case No. 2006CR362, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

(1)     Clerk of the Court
        La Plata County District Court
        1060 East 2nd Avenue
        Durango, Colorado 81301; and

(2)     Court Services Manager
        State Court Administrator's Office
        101 W. Colfax, Ste. 500
        Denver, Colorado  80202.

DATED:  September 3, 2015, at Denver.

                            BY THE COURT:


                            _s/Lewis T. Babcock_____
                            LEWIS T. BABCOCK, Senior Judge
                            United States District Court